**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Kingstown Green Inc. Eco-Friendly Caskets Cooperative,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-20448<br><br>Re: ECF No. 56 |

**MEMORANDUM OF DECISION GRANTING**
**AMENDED MOTION FOR RELIEF FROM STAY**

Before the Court is the Amended Motion for Relief from the Automatic Stay (Motion, ECF No. 56) filed by Cooperative Fund of the Northeast, Inc. (Movant). In the Motion, the Movant seeks relief from the automatic stay to continue its foreclosure action against property of the Debtor located at 203 Locust Street, Hartford, CT (Property). The Court held hearings on July 16 and August 18, 2026, at the latter of which the Court indicated that an order granting stay relief would enter. This memorandum of decision explains why.

The Debtor, despite its name indicating that it is in the business of eco-friendly caskets, has been in a start-up phase for the last five years.[1] It has no sales; no employees; no sustained operations; no capital to support operations, business needs, or salaries; insufficient capital to service its mortgage debt and taxes; no contract for sales in its five-year start-up period; no sales or revenue generation during the 3.5 months its been in Chapter 11; no ostensible marketing plan or

[1] During the course of the case, the Debtor has also indicated an intention to export rare woods to Jamaica to be finished and deployed in business there.

business infrastructure; no active website;[2] and inexact aspirations to raise capital to operate, service creditor recoveries, and exit Chapter 11.

During its start-up period, it has borrowed without the ostensible ability to repay at least $250,000 in unsecured loans. During the same period, the Debtor has modified or restructured its mortgage loans with the Movant at least five times. Notwithstanding such apparent patience from the Movant, the Debtor defaulted on its mortgage payments, and the Movant initiated foreclosure proceedings against the Property last year (Foreclosure Action).[3] In the Foreclosure Action, the Connecticut Superior Court entered a judgment of strict foreclosure on January 5, 2026, finding that the Movant was owed $676,105.55[4] against a fair market value of the Property of $630,000.[5] After a request to open the judgment and reset the law day, the Superior Court set a new law day of May 4, 2026, which was the same day that the Debtor filed the instant bankruptcy case.

After the July 16, 2026 hearing, this Court entered an interim order on the Motion, requiring that the Debtor pay the July 1, 2026 real estate taxes to the City of Hartford and provide proof of insurance through October 1, 2026. The Court also indicated the necessity of funding Subchapter V Trustee fees. Although the Debtor

[2] The Court took judicial notice of the Debtor's website, which consists of a single page saying that the Debtor is "opening soon."

[3] The Court has taken judicial notice of the foreclosure action, *Cooperative Fund of New England, Inc. v. Kingstown Green Inc. Eco-Friendly Caskets Cooperative*, Case No. HHD-CV-25-6201600-S (Conn. Super. Ct.).

[4] This debt has continued to grow and does not include awarded attorney fees or costs.

[5] According to the Movant's complaint in the Foreclosure Action, the Debtor had not made any payment on the notes underlying the mortgage from July 2024 onward.

made a partial tax payment[6] and provided proof of temporary insurance, its attempt to escrow Subchapter V Trustee fees was effectively returned for insufficient funds.

Compounding the fund issue, the Debtor insists that an equity loan or capital infusion is on the horizon, without adequate proof. This infusion, however, would allegedly only cover six months of operations. The Debtor's recently filed Chapter 11 Plan (ECF No. 65) relies entirely on somehow generating enough money in those six months to sustain operations *and* debt service going forward, where it has never done so. The Plan offers no explanation for how the renaissance of the Debtor might occur—no substantive business plan, no track record, and no insight on infrastructure, management, or marketing that will support a feasible reorganization. The Plan is simply reiterative of the path of the Debtor here—built on hopes and dreams.

The Court has unequivocally communicated its reservations about whether this case was filed in good faith, supported by a real tenable business and fueled by sufficient capital resources. The proof presented at the final hearing has shown the absence of critical attributes of any reorganization.

Under 11 U.S.C. § 362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and

[6] The Court has taken judicial notice of the City of Hartford tax rolls.

> (B) such property is not necessary to an effective reorganization[.]

The facts advanced at the hearings in favor of the Motion are undisputed and unopposed. From the hearing record, the cumulative facts and circumstances before the Court establish that there is cause, not just from the lack of adequate protection due to the Debtor's nonpayment to the Movant, but in the Debtor's profound inability to capitalize on the irrecoverable indulgences, extensions, and modifications offered by the Movant and the Debtor's inability to start a business that has tenable, sustained structure, operations, reliability, and *capital*. With limited cash, no business, and no other property to encumber, there is frankly nothing that the Debtor can offer the Movant as adequate protection. *See* 11 U.S.C. § 361; *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988) (noting that, if "project in this case had been declining in value petitioner would have been entitled, under § 362(d)(1), to cash payments or additional security in the amount of the decline, as § 361 describes").[7]

Further, the Movant and the U.S. Trustee sufficiently proved and argued during the final hearing on the Motion that the Debtor has no equity in the Property (as evidenced by the value and debt found in the Foreclosure Action) and that such is not necessary to an effective reorganization, not because the Property is not necessary, but because the proposed Chapter 11 Plan presents no reasonable, tenable, feasible, or realistic prospect of reorganization, let alone an *effective* one.

---

[7] The Court and the parties recognize that unpaid taxes, which primes the Movant's mortgage, accrue interest at 18% (plus legal fees) and thereby diminish the Movant's secured interest.

*See id.* at 376 ("there must be 'a reasonable possibility of a successful reorganization within a reasonable time'"). The continued maintenance of this Chapter 11 case by the Debtor is clearly prejudicial to creditors, undeserved burdens on the Subchapter V Trustee and the Movant, and a wasteful invitation of unproductive legal fees and court time.

The Motion is granted. A separate order will enter.

IT IS SO ORDERED at Hartford, Connecticut this 25th day of August 2026.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut